**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| LaDOVE, INC., | : | Civil Action No. 1:25-cv-06824-JPC |
| Plaintiff, | : | |
| vs. | : | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY, | : | |
| Defendant. | : | |

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action, including confidential information produced by non-parties pursuant to subpoenas issued under Federal Rule of Civil Procedure 45 (each, a "Non-Party");

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action, their representatives, agents, experts and consultants, all Non-Parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms:

Scope. This Order applies to all information produced or disclosed in discovery in this action by any Party or Non-Party, including in response to subpoenas issued under Federal Rule

1

ME1\60058382.v1

of Civil Procedure 45. Any Non-Party that produces Discovery Material (i.e., information of any kind produced or disclosed in the course of discovery in this action) will be deemed a "Producing Party" for purposes of this Order and will be entitled to invoke and enforce all protections herein.

**Designation of Confidential Discovery Material and Objections to Designations**

1.  With respect to Discovery Material that a Party or Non-Party has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" ("AEO") pursuant to this Order, no person subject to this Order may disclose such Confidential or AEO Discovery Material to anyone else except as this Order expressly permits.

2.  The Party or Non-Party producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of "Confidential Information" including, but not limited to the following:

(a) previously non-disclosed and non-public financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously non-disclosed and non-public business plans, product-development information, or marketing plans;

(c) any information of a personal or intimate nature regarding any individual, including personally identifiable information that is not otherwise a matter of public record; or

(d) trade secrets or other confidential research, development, or otherwise non-public commercial information of a Party or Non-Party, provided that such designation is necessary to protect the interest of the designating party in such information.

2

3.      The Producing Party may designate Discovery Material as "Highly Confidential – Attorneys' Eyes Only" ('AEO') where it reasonably and in good faith believes disclosure to another Party would create a substantial risk of serious commercial or competitive harm that could not be avoided by less restrictive means, including without limitation: current or future pricing, non-public cost data, detailed customer lists, non-public technical specifications, source code, highly sensitive strategic plans, or third-party information subject to contractual nondisclosure obligations; provided, however, that a Producing Party may only designate documents AEO to the extent that: (1) they concern issues unrelated to the subject matter of this lawsuit, or (2) another Party did not have such Discovery Material in its possession, custody or control prior to this lawsuit. Notwithstanding anything to the contrary, such documents still may be designated by the Producing Party as "Confidential" pursuant to the terms of this Order.

4.      With respect to the Confidential or AEO portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by: (a) stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the Confidential or AEO information redacted.

5.      A Producing Party or its counsel, or a Non-Party whose Confidential Information is disclosed in deposition, may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential Information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information

Governed by Protective Order" or "Highly Confidential—Attorneys' Eyes Only Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receipt of the deposition transcript or after the deposition has concluded, whichever is later, of the specific pages and lines of the transcript that are to be designated "Confidential" or "AEO" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the notifying Party or Non-Party, or that party's counsel.

6.    If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or AEO some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or AEO, as designated, under the terms of this Protective Order..

**<u>Non-Party Productions</u>**

7.    Subpoena Notice and Inclusion of Order. Any Party that serves a subpoena pursuant to Rule 45 in this action must: (i) serve a copy of this Order with the subpoena; and (ii) concurrently serve all other Parties with the subpoena and a notice identifying the Non-Party to whom it was directed.

8.    Opportunity to Designate and Interim Protection. A Party receiving Discovery Material from a Non-Party must promptly provide the Producing Non-Party with a copy of this Order if the Non-Party does not already have it, and must treat the received material as "AEO" on an interim basis for fourteen (14) days following service of the production on the Parties (or such longer period as the Parties and the Non-Party may agree) to allow the Non-Party to review and

4

designate material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." During this interim period, the material may be used only as permitted for "AEO" material.

9.    Non-Party Designations and Enforcement. A Non-Party may designate its Discovery Material under this Order by following the same procedures available to Parties set forth herein. A Non-Party whose information is produced is an intended third-party beneficiary of this Order and may enforce the Order's terms as to its own information.

10.    Clawback/Correction of Designations by Non-Parties. If a Non-Party notifies the receiving Parties that it inadvertently failed to designate Discovery Material, or that a different designation is warranted, the receiving Parties must, upon receipt of written notice, make reasonable efforts to retrieve and destroy or sequester material inconsistent with the corrected designation, affix the new designation, and ensure that future use complies with the corrected designation.

11.    Non-Party Objections and Redactions. Nothing in this Order limits a Non-Party's right to object to a subpoena, move to quash or modify under Federal Rule of Civil Procedure 45, or produce subject to reasonable redactions for personally identifiable information or protected health information.

12.    Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

**Disclosure of Confidential Information**

13.    No person subject to this Protective Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as "Confidential" to other persons, except to:

ME1\60058382.v1

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as a consultant or an expert or to otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

14.    Before disclosing any Confidential or AEO Discovery Material to any person referred to in subparagraphs 13(d), 13(f), or 13(g) above, such person shall be provided with a copy of this Order and shall sign a Non-Disclosure Agreement, in the form annexed as an Exhibit

6

hereto, stating that he or she has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first, or upon reasonable notice or Court order for purposes of enforcing this Order, including by any Producing Non-Party

15.     Where a Producing Party has designated Discovery Material as AEO, disclosure is limited to: (a) outside counsel of record for the Parties, including their paralegal, clerical, and support personnel assigned to this matter; (b) experts and consultants retained for this action who have signed the Non-Disclosure Agreement attached as an Exhibit, and only to the extent necessary for their work in this action; (c) the Court and its personnel, court reporters, and stenographers; and (d) the author, recipient, or custodian of the document or information, as reflected on the face of the document or in its metadata. Unless otherwise agreed in writing by the Producing Party or ordered by the Court, AEO material may not be disclosed to any Party's in-house counsel, officers, directors, or employees.

## Procedures for Objecting to, and Requests for Additional Limits on Designations

16.     Any Party or Non-Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Judge Cronan's Individual Rules and Practices in Civil Cases. This paragraph applies to designations as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

17.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon

7

counsel for the receiving Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases. Notwithstanding the designation of Discovery Material as "Confidential" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. Any party seeking to file documents under seal must first comply with paragraph 4 of The Honorable John P. Cronan's Individual Rules and Practices in Civil Cases.

18.     Non-Parties whose Discovery Material is produced in this action are intended third-party beneficiaries of the protections of this Order and may seek to enforce its terms before the Court in which this action is pending.

**Use of and Maintenance of Confidential Information**

19.     Recipients of Confidential or AEO Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

20.     Nothing in this Order will prevent any Party that received Confidential or AEO Discovery Material from producing any such Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by law and the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party

8

will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

21.     Each person who has access to Discovery Material designated as Confidential or AEO pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

22.     Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential or AEO Discovery Material must either return it – including all copies thereof – to the Producing Party (including any Producing Non-Party), or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party (including any Producing Non-Party) that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or AEO Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or AEO Discovery Material. Any such archival copies that contain or constitute Confidential or AEO Discovery Material remain subject to this Order, and, if containing Non-Party material, may be retained only by outside counsel.

**Inadvertent Disclosure of Privileged Materials**

23.     Notwithstanding any other provision herein, subject to Federal Rule of Evidence 502(b) and pursuant to Federal Rule of Evidence 502(d), the production of privileged or work-product-protected documents, electronically stored information, or other information, whether produced by a Party or a Non-Party, in itself, shall not constitute or be deemed a waiver of privilege

9

or forfeiture of any claim of privilege with respect to the inadvertently disclosed information. Upon written notice of an inadvertently disclosed information, the receiving Parties shall promptly return, sequester, or destroy the specified information and any copies, and shall not use or disclose the inadvertently disclosed information until the privilege claim over the inadvertently disclosed information is resolved.

24.     The party that disclosed the inadvertently disclosed information shall produce a privilege log with respect to the inadvertently disclosed information within ten (10) business days after it notified the receiving parties of the inadvertently disclosed information.

25.     If a receiving party thereafter moves the Court for an order compelling production of the inadvertently disclosed information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production.  The disclosing party retains the burden of establishing the privilege or protected nature of the inadvertently disclosed information. Noting in this Order shall limit the right of any party to request an *in camera* review of the inadvertently disclosed information.

**Survival**

26.     This Order shall survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential or AEO Discovery Material is produced or disclosed.

**Court Discretion and Jurisdiction**

27.     The Court retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential or AEO and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford

ME1\60058382.v1

confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or AEO.

28.   During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof, including at the request of any Non-Party with respect to its own Discovery Material produced in this action.

SO STIPULATED AND AGREED.

For Plaintiff:                                                     For Defendant:

Signed by:

Jonathan Toren

713DD5F8C7184B5...

Steven H. Weisman                                        Jonathan Toren

Dated: February 20, 2026                            Dated: 2/23/2026

Dated: March 3, 2026
                    SO ORDERED.

_____

Honorable John P. Cronan
United States District Judge

11

ME1\60058382.v1